**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE NOS. 1-3,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. _____** |
| **v.** | ) | |
| | ) | |
| **THE PARTNERSHIPS AND** | ) | |
| **UNINCORPORATED ASSOCIATIONS** | ) | **JURY TRIAL DEMANDED** |
| **IDENTIFIED ON SCHEDULE "A,"** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiffs John Does[1] ("Plaintiffs"), by and through their undersigned counsel, hereby file this Complaint against the entities identified on Schedule A hereto (collectively, "Defendants"). In support thereof, Plaintiffs state as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., the Copyright Act, 17 U.S.C. § 501, et seq., the Patent Act, 35 U.S.C. § 101 *et seq*., 28 U.S.C. §§ 1338(a) and 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

---

[1] Plaintiffs' names are being temporarily withheld to prevent Defendants from obtaining advance notice of this action and Plaintiffs' accompanying *ex parte* Motion for Entry of Temporary Restraining Order, and transferring funds out of the accounts that Plaintiffs seek to retrain. Plaintiffs are identified in the heading of Schedule A submitted herewith.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each of the Defendants directly target business activities toward consumers in the United States, including Illinois, through their operation of, or assistance in the operation of, the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"), as well as the shipment of products offered for sale on those Defendant Internet Stores. Specifically, Defendants manufacture, list for sale, sell, and/or ship products to Illinois residents that use infringing copies of Plaintiffs' registered trademark, the Certificate of Registration of which is attached hereto as Exhibit 1 ("Plaintiffs' Trademark"). Defendants have committed and have knowingly participated in the commission of tortious acts in Illinois, causing Plaintiffs substantial injury in the U.S. and in the State of Illinois specifically.

## INTRODUCTION

3.      Plaintiffs specialize in the design, manufacturing, sale, and distribution of certain instruments. This action has been filed by Plaintiffs to combat online counterfeiters and infringers who trade upon Plaintiffs' reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products (the "Counterfeit Products") using counterfeit versions of Plaintiffs' Trademark, copyright-protected marketing materials (the "Copyrighted Marketing Material"), and products that embody Plaintiffs' patented design. On information and belief, Defendants create the Defendant Internet Stores by the dozens and design them to appear to be selling genuine copies of Plaintiffs' products, while they are actually selling Counterfeit Products to unknowing consumers.

4.      The Defendant Internet Stores share unique identifiers establishing a logical relationship between them and reflecting that Defendants' counterfeiting operation arises out of

the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation, including changing the names of their stores multiple times, opening new stores, helping their friends open stores, and making subtle changes to their Counterfeit Products.

5.      Plaintiffs are forced to file this action to combat Defendants' infringement of Plaintiffs' Trademark, Copyrighted Marketing Material, and patented design as well as to protect unknowing consumers from purchasing the Counterfeit Products over the Internet. Plaintiffs have been and continue to be irreparably harmed by Defendants' infringement of Plaintiffs' Trademark, copyrights, and patent and, therefore, Plaintiffs seek injunctive relief to halt such infringement and irreparable harm. Plaintiffs also seek monetary relief for the injury it is sustaining.

## THE PARTIES

**Plaintiffs**

6.      Plaintiff John Doe No. 1 is a limited liability company having a place of business at the address disclosed in the trademark registration information attached hereto as Exhibit 1.

7.      Plaintiff John Doe No. 2 is a limited liability company having a place of business at the address disclosed in the copyright registration information attached hereto as Exhibit 2.

8.      Plaintiff John Doe No. 3 is a limited liability company having a place of business in Chicago, Illinois and is affiliated with, and shares common ownership, with John Does Nos. 1 and 2.

9.      Plaintiffs, collectively, are the creators and sellers of high-quality devices ("Plaintiffs' Products"). Plaintiffs market and sell Plaintiffs' Products that embody Plaintiffs' patented design and do so using Plaintiffs' Trademark and Copyrighted Marketing Material.

10.     Plaintiffs' Trademark is registered with the United States Patent and Trademark Office. A true and correct copy of the Registration Certificate is included as Exhibit 1 hereto.

11.     The U.S. registration for Plaintiffs' Trademark is valid, subsisting, in full force and effect and incontestable pursuant to 15 U.S.C. § 1065. The registration for Plaintiffs' Trademark constitute *prima facie* evidence of their validity and of Plaintiffs' exclusive right to use Plaintiffs' Trademark pursuant to 15 U.S.C. § 1057(b). Plaintiffs' Trademark has been used exclusively and continuously by Plaintiffs since 2015 and has never been abandoned.

12.     Plaintiffs' Trademark is displayed extensively on Plaintiffs' Products and in Plaintiffs' marketing and promotional materials. Plaintiffs' Trademark has been the subject of substantial and continuous marketing and promotion by Plaintiffs at great expense.

13.     Plaintiffs have expended substantial time, money, and other resources in developing, advertising, and otherwise promoting Plaintiffs' Trademark. As a result, products bearing Plaintiffs' Trademark are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiffs.

14.     Plaintiffs' names and Plaintiffs' Trademark have become well-known worldwide.

15.     Plaintiffs' Trademark is distinctive when applied to Plaintiffs' Products, signifying to the purchaser that the products come from Plaintiffs and are manufactured to Plaintiffs' high quality standards.

16.     Whether Plaintiffs manufacture the products themselves or license others to do so, Plaintiffs have ensured that products bearing their trademarks are manufactured to the highest quality standards.

17.     Plaintiffs' Trademark has achieved recognition, which has only added to the inherent distinctiveness of the mark. As such, the goodwill associated with Plaintiffs' Trademark is incalculable and of inestimable value to Plaintiffs.

18.     Plaintiffs use original works of authorship to market and sell Plaintiffs' Products online as well as through conventional brock-and-mortar retail outlets. Such works include Plaintiffs' Copyrighted Marketing Material.

19.     Plaintiffs' Products embody Plaintiffs' proprietary design that is the subject of a U.S. patent, which patent is attached hereto as Exhibit 3 ("Plaintiffs' Patent").

20.     Plaintiffs have generated millions of dollars in sales from Plaintiffs' Products that embody Plaintiffs' patented design. Plaintiffs' Products are marketed using Plaintiffs' Trademark and Plaintiffs' Copyrighted Marketing Material through on-line retailers, such as Amazon and eBay (among others), as well as through conventional retail stores.

**The Defendants**

21.     Defendants are individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business or assist in business activity conducted throughout the United States (including within the State of Illinois and this Judicial District) through the manufacturing, online advertising and offering for sale, and importation and distribution of the Counterfeit Products using counterfeit and infringing versions of Plaintiffs' Trademark and/or Plaintiffs' Copyrighted Marketing Material. Each Defendant has targeted the United States, including Illinois specifically, by selling or offering for sale, or knowingly assisting in the selling or offering for sale, Counterfeit Products to U.S. consumers, including consumers located in Illinois, via various online stores.

22.     Defendants appear to be an interrelated group of counterfeiters and infringers, who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine Plaintiffs' Products, while they are actually selling inferior, unauthorized imitations of Plaintiffs' Products. The Defendant Internet Stores share unique identifiers, such as the following: common design elements, the same or similar Counterfeit Products that they offer for sale, similar Counterfeit Product descriptions, the same or substantially similar shopping cart platforms, the same accepted payment methods, the same check-out methods, the same dearth of contact information, and identically or similarly priced Counterfeit Products and volume sales discounts. The foregoing similarities establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiffs to learn the precise scope and the exact interworking of their counterfeit network.  In the event that Defendants provide additional credible information regarding their identities, Plaintiffs will take appropriate steps to amend the Complaint.

**DEFENDANTS' UNLAWFUL CONDUCT**

23.     The success of Plaintiffs' business, and of Plaintiffs' Products in particular, has resulted in significant counterfeiting. Consequently, Plaintiffs have recently instituted a worldwide anti-counterfeiting program to investigate suspicious online marketplace listings. In recent years, Plaintiffs have identified hundreds of fully interactive, commercial Internet stores on various e-commerce platforms, including the Defendant Internet Stores, which are offering Counterfeit Products for sale to consumers in this Judicial District and throughout the United States. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and generate over $509 billion in annual online sales in 2016 alone. *See* Exhibit 4.  According

to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2018 was over $1.4 billion. *See id.*

24. E-commerce retail platforms such as those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* Ex. 5, Report concerning "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans dated January 24, 2020 (finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary).

25. Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts. (Ex. 5 at 22). While some platforms such as Amazon have recently taken steps to attempt to address these shortcomings, the foregoing deficiencies largely remain.

26. Defendants have targeted sales to U.S. residents, including Illinois residents, by setting up and operating e-commerce stores that target U.S. consumers using one or more aliases identified Schedule A attached hereto, offering shipping to the United States, including Illinois, accepting payment in U.S. dollars, and having sold Counterfeit Products to residents of Illinois.

27. Defendants employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendant Internet Stores appear sophisticated and accept payment in U.S. dollars

via credit cards, Amazon Pay, Western Union, and/or PayPal. Defendant Internet Stores often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiffs have not licensed or authorized Defendants to use Plaintiffs' Trademark. Plaintiffs have not licensed or authorized Defendants to reproduce, distribute, publicly display, or otherwise use Plaintiffs' Copyrighted Marketing Material. Plaintiffs have not licensed or authorized Defendants to make, use, offer for sale, sell, or import into the United States products embodying Plaintiffs' patented design that is the subject of Plaintiffs' Patent. Further, none of the Defendants are authorized retailers of genuine versions of Plaintiffs' Products.

28.     On information and belief, Defendants have engaged in fraudulent conduct when registering the Defendant Internet Stores by providing false, misleading, and/or incomplete information to e-commerce platforms, including at least Amazon Alibaba, DHGate, eBay, and Wish. On information and belief, certain Defendants have anonymously registered and maintained aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

29.     On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Products on e-commerce platforms such as Amazon Alibaba, DHGate, eBay, Wish, and more. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

30.     Even though operating under multiple fictitious aliases, unauthorized on-line retailers such as the Defendant Internet Stores often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other identifying information and likewise omit other seller aliases that they use. Further, counterfeit products offered for sale by unauthorized retailers such as the Defendant Internet Stores often bear

irregularities and indicia of being counterfeit that are similar to one another, suggesting that the Counterfeit Products were manufactured by and come from a common source and that these unauthorized retailers are interrelated.

31.     Groups of counterfeiters such as Defendants here are typically in communication with each other. They regularly participate in QQ.com chat rooms, and also communicate through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

32.     Counterfeiters such as Defendants commonly operate under multiple seller aliases and payment accounts so that they can continue operation in spite of enforcement efforts. Analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court. Here, on information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts that are associated with the activity complained of herein to such off-shore accounts based outside of the jurisdiction of this Court. On information and belief, Defendants undertake such activity in an attempt to avoid payment of any monetary judgment awarded based on their counterfeiting and other infringement of intellectual property rights.

33.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used and continue to use Plaintiffs' Trademark, illicit copies of Plaintiffs' Copyrighted Marketing Material, and infringing copies of Plaintiffs' patented design as claimed in Plaintiffs'

Patent, in connection with the reproduction, public display, advertisement, importation, distribution, offering for sale, and sale of Counterfeit Products into the United States, including Illinois, over the Internet.

34.    Defendants are engaged in the unauthorized reproduction, distribution, and public display of Plaintiffs' Copyrighted Marketing Material.

35.    Defendants' use of Plaintiffs' Trademark in connection with the advertising, distribution, offering for sale, and/or sale of Counterfeit Products, including the sale of Counterfeit Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

36.    Defendants have, without authorization, made, used, offered for sale, sold, and imported into the United States, products embodying designs that infringe Plaintiffs' Patent.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

37.    Plaintiffs hereby re-allege and incorporate by reference all the allegations set forth in the preceding paragraphs.

38.    Plaintiffs' Trademark is a highly distinctive mark.  Consumers have come to expect the highest quality from Plaintiffs' Products offered, sold, and/or marketed under Plaintiffs' Trademark.

39.    Defendants have sold, offered for sale, marketed, distributed, and advertised, products using counterfeit reproductions of Plaintiffs' Trademark without Plaintiffs' permission.

40.    Plaintiff John Doe No. 1 is the exclusive owner of Plaintiffs' Trademark.  The United States Registration for Plaintiffs' Trademark (Exhibit 1) is in full force and effect.  On information and belief, Defendants have knowledge of Plaintiffs' rights in Plaintiffs' Trademark, and are willfully infringing and intentionally using counterfeits of Plaintiffs' Trademark.

Defendants' willful, intentional, and unauthorized use of Plaintiffs'[ Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the public.

41. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. Plaintiffs have no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of Plaintiffs' Trademark.

43. The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of unauthorized versions of Plaintiffs' Products bearing Plaintiffs' Trademark.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using Plaintiffs' Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiffs to be sold in connection with Plaintiffs' Trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiffs, that is not

Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Trademark;

c.    committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are sold under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d.    further infringing Plaintiffs' Trademark and damaging Plaintiffs' goodwill;

e.    manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' Trademark, or any reproductions, counterfeit copies or colorable imitations thereof.

(2) Entry of an Order that, upon Plaintiffs' request, all persons acting for, with, by, through, under or in active concert with Defendants, and those with notice of the injunction, including, without limitation, any online marketplace platforms such as, for example, eBay, Alibaba, Amazon, DHGate and Wish.com, sponsored search engine or ad-word providers, credit card companies, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a.    disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using Plaintiffs' Trademark;

    b.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using Plaintiffs' Trademark; and

    c.      take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

(3) That Plaintiffs be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 per infringed mark per type of good sold;

(4) In the alternative, that Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiffs' Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

(5) That Plaintiffs be awarded their reasonable attorneys' fees and costs; and

(6) That Plaintiffs be awarded any and all other relief that this Court deems just and proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

44.    Plaintiffs hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

45.    Defendants' promotion, marketing, offering for sale, and sale of the Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiffs.

46.     By using Plaintiffs' Trademark on the Counterfeit Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

47.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

48.     Plaintiffs have no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the associated goodwill of Plaintiffs' brand.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

>     a.     using Plaintiffs' Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiffs to be sold in connection with Plaintiffs' Trademark;
>
>     b.     passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Trademark;

c.     committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d.     further infringing Plaintiffs' Trademark and damaging Plaintiffs' goodwill; and

e.     manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' Trademark, or any reproductions, counterfeit copies or colorable imitations thereof;

(2) That Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiffs' Trademark be increased by a sum not exceeding the statutory limit;

(3) Plaintiffs' costs and reasonable attorneys' fees;

(4) Both pre-judgment and post-judgment interest; and

(5) Such other and further relief as this Court finds just and equitable.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, et seq.)

49.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

50.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Products as those of Plaintiffs, causing a likelihood of confusion as to the source of their goods, causing a likelihood of confusion as to an affiliation, connection, or association with genuine versions of Plaintiffs' Products, representing that their products have Plaintiffs' approval when they do not, and engaging in other conduct which creates a likelihood of confusion among the public.

51.     The foregoing acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

52.     Plaintiffs have no adequate remedy at law, and Defendants' conduct has caused Plaintiffs to suffer damage to their reputation and associated goodwill. Unless enjoined by the Court, Plaintiffs will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

        a.      using Plaintiffs' Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiffs be sold in connection with Plaintiffs' Trademark;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiffs that is not Plaintiffs or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Trademark;

c.  committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d.  further infringing Plaintiffs' Trademark and damaging Plaintiffs' goodwill; and

e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' Trademark, or any reproductions, counterfeit copies or colorable imitations thereof;

(2) Plaintiffs' costs and reasonable attorneys' fees pursuant to 815 ILCS § 510/3;

(3) Such other and further relief as this Court finds just and equitable.

## COUNT IV
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*)

53.  Plaintiffs hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

54.    Plaintiffs' Copyrighted Marketing Material, attached hereto as Exhibit 2, constitutes creative, original works of authorship, fixed in a tangible medium of expression, and protectable under U.S. copyright law. *See* 17 U.S.C. § 102.

55.    Plaintiffs have complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiffs' Copyrighted Marketing Material for obtaining a valid copyright registration for Plaintiffs' Copyrighted Marketing Material.

56.    Defendants do not have any ownership interest in Plaintiffs' Copyrighted Marketing Material.

57.    Defendants have had access to Plaintiffs' Copyrighted Marketing Material via the internet and other sources.

58.    Without authorization from Plaintiffs, or any right under the law, Defendants have, *inter alia*, willfully copied, reproduced, publicly displayed, and distributed, works incorporating Plaintiffs' Copyrighted Marketing Material, in connection with their operation of the Defendant Internet Stores.

59.    Defendants' advertisements and e-commerce store product pages for the Counterfeit Products display marketing material that is identical to and/or are substantially similar to Plaintiffs' Copyrighted Marketing Material.

60.    Defendants have, therefore, individually, as well as jointly and severally, infringed and continue to infringe Plaintiffs' copyrights in the Copyrighted Marketing Material in violation of 17 U.S.C. § 501(a). *See also* 17 U.S.C. §§ 106(1), (3), (5).

61.    Defendants reap the benefits of their unauthorized reproduction, public display, and distribution, of Plaintiffs' Copyrighted Marketing Material through their receipt of substantial revenue, including substantial profit, driven by sales of their Counterfeit Products.

62. Defendants have unlawfully appropriated Plaintiffs' protectable expression by taking material of substance and value and creating advertisements and e-commerce store product pages for the Counterfeit Products that capture the total concept and feel of Plaintiffs' Copyrighted Marketing Material.

63. On information and belief, Defendants' infringement of Plaintiffs' copyrights has been willful, intentional, malicious, and purposeful, and in disregard of, and with indifference to, Plaintiffs' rights.

64. Defendants, by their actions, have caused financial injury to Plaintiffs in an amount to be determined at trial.

65. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiffs irreparable injury that cannot fully be compensated for or measured monetarily. Plaintiffs have no adequate remedy at law for such injury.

66. In light of the foregoing, and as contemplated by 17 U.S.C. § 502, Plaintiffs seek temporary, preliminary, and permanent injunctive relief prohibiting further infringement of Plaintiffs' copyrights by Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants and entry of an Order directing as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from reproducing, publicly displaying, and distributing, Plaintiffs' Copyrighted Marketing Material and all colorable imitations thereof, and in assisting third parties in such activity, pursuant to 17 U.S.C. § 502;

(2) That Defendants destroy all copies of Plaintiffs' Copyrighted Marketing Material and all colorable imitations thereof made by, or made under the control of, Defendants;

(3) That Plaintiffs be awarded statutory damages based on Defendants' willful copyright infringement, pursuant to 17 U.S.C. § 504(c)(2), in an amount of $150,000 per infringed work;

(4) That Plaintiffs be awarded their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(5) That Plaintiffs be awarded any and all other relief that this Court deems just and proper.

**COUNT V**
**DESIGN PATENT INFRINGEMENT**

67.     Plaintiffs hereby re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

68.     Defendants make, use, sell, offer for sale, and/or import into the United States products that infringe Plaintiffs' Patent.

69.     In the eye of an ordinary observer, the design of the Counterfeit Products and the design claimed in Plaintiffs' Patent are substantially the same. Said sameness deceives prospective purchasers and induces them to purchase Defendants' products supposing them to have come from Plaintiffs.

70.     Defendants' Counterfeit Products misappropriate the novelty of the design claimed in the Plaintiffs' Patent that distinguished Plaintiffs' patented design from the prior art.

71.     Defendants make, use, sell, offer for sale, and/or import into the United States for subsequent sale or use the Counterfeit Products, which infringe directly and/or indirectly the ornamental design claimed in Plaintiffs' Patent.

72.     Defendants have infringed Plaintiffs' Patent through the acts complained of herein and will continue to do so unless enjoined by this Court.

20

73. Plaintiffs have provided Defendants with notice of Plaintiffs' rights in Plaintiffs' Patent and of Defendants' infringement of Plaintiffs' Patent.

74. Defendants' infringement of Plaintiffs' Patent has been willful.

75. Defendants' infringement of Plaintiffs' Patent has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful rights under U.S. patent law to exclude others from making, using, selling, offering for sale, and importing the design claimed in Plaintiffs' Patent.

76. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

77. Plaintiffs are entitled to recover damages adequate to compensate Plaintiffs for Defendants' infringement of Plaintiffs' Patent, including Defendants' profits pursuant to 35 U.S.C. § 289.

78. Plaintiffs are entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

WHEREFORE, Plaintiffs pray for judgment against Defendants and entry of an Order directing as follows:

(1) Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them be permanently enjoined and restrained from:

    a. Making, using, importing, offering for sale, and selling any products not authorized by Plaintiffs that include any reproduction, copy, or colorable imitation of the design claimed in Plaintiffs' Patent;

    b. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein; and

    c. aiding, abetting, contributing to, or otherwise assisting anyone in infringing Plaintiffs' Patent.

(2) Directing that Defendants deliver for destruction all products that include the design claimed in Plaintiffs' Patent as well as all means for making such designs.

(3)     Awarding Plaintiffs such damages as it may prove at trial that are adequate to compensate Plaintiffs for Defendants' infringement of Plaintiffs' Patent, and awarding Plaintiffs all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of Plaintiffs' Patent.

(4)     Awarding Plaintiffs all other damages that it may be entitled to under applicable law.

(5)     Awarding Plaintiffs their costs in bringing this action.

(6)     Awarding Plaintiffs any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Date: October 4, 2021                         Respectfully submitted,

                                              /s/DALIAH SAPER
                                              Daliah Saper (ARDC No. 6283932)
                                              **Saper Law Offices, LLC**
                                              505 N. Lasalle, Suite 350
                                              Chicago, Illinois 60654
                                              Tel: (312) 527-4100
                                              ds@saperlaw.com

                                              *Attorneys for Plaintiffs*