UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE NOS. 1-3., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" <br><br> Defendants. | Case No.: 1:21-cv-5220 <br><br> Judge: Robert M. Dow, Jr. <br><br> Magistrate Judge: Beth W. Jantz |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2)**

Defendant Bob("Moving Defendant"), by and through its counsel, file this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2). Because Moving Defendant does not have minimum contacts with Illinois, it is not subject to personal jurisdiction in this Court, and should be dismissed from this matter. Basing a federal lawsuit on irrelevant contact is extraordinarily unfair and runs afoul of both the federal and the Illinois Constitutions. Because this Court cannot exercise personal jurisdiction over Moving Defendant consistent with the constitution, therefore, Moving Defendant should be dismissed from this present case.

**BACKGROUND**

On October 4, 2021, Plaintiffs Curv Brands, LLC, Curv Group, LLC, and Keysmart, LLC. ("Plaintiffs") sued hundreds different online entities, which operated stores within Amazon and other websites. *See* Schedule A to the Complaint. Moving Defendant, Bob, moves this court to dismiss the complaint for lack of personal jurisdiction.

As alleged by the Plaintiff, each of the defendants on Schedule A to the Complaint has targeted sales from Illinois residents by operating online stores that offer to sell infringing products and has sold such products to Illinois. *See* Compl. ¶2, Dkt. 1.

However, Moving Defendant has no connection to Illinois whatsoever. *See* Aff'd. of Shi Yongqing, ¶¶5-16. Moving Defendant is a small business operated by resident of People's Republic of China. *Id*. Regarding the alleged infringing products in question in Complaint, no transaction was ever made to Illinois. *Id.* at ¶16. The uncontroverted evidence here is that there are no relevant contacts whatsoever, let alone "minimum contacts" with Illinois. *Id.*

## ARGUMENT

Moving Defendant does not have minimum contacts with Illinois and as such personal jurisdiction cannot be constitutionally exercised in Illinois over this Chinese defendant. Therefore, the Complaint against this Moving Defendant should be dismissed.

A.     **Personal Jurisdiction cannot be constitutionally exercised over Moving Defendant.**

Once the defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 388 F. 3d 773, 782 (7th Cir. 2003). To determine whether Bose has met its burden, the Court may consider affidavits from both parties. *United Airlines, Inc. v. Zaman*, No. 14 C 9214, 2015 U.S. Dist. LEXIS 56982, at *3 (N.D. Ill. Apr. 30, 2015) (citing Felland v. Clifton, 682 F.3d 665, 672 (7 th Cir. 2012)). While courts must resolve factual disputes in the plaintiff's favor at this early stage, unrefuted facts in the defendant's affidavits must be taken as true. *Id*. (citations omitted).

The Plaintiffs filed a complaint against hundreds of defendants, based on alleged individual conduct that is unique as to each defendant. Moving Defendant is online stores

operated by an Chinese entity. Because the Seventh Circuit has found no operative difference between the two constitutional limits, this Court may limit its analysis to whether exercising jurisdiction over Moving Defendant comports with the Due Process Clause. *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *8 (citing *Hemi*, 622 F.3d at 756-57). Therefore, this Court may exercise personal jurisdiction over Defendant only if it is proper under Illinois's personal jurisdiction statute and comports with the requirements of the Due Process Clause. *Id.* (citations omitted).

> The Seventh Circuit has described the familiar personal jurisdiction standard as follows:
>
> [T]he defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Those contacts may not be fortuitous. Instead, the defendant must have purposefully established minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. Crucial to the minimum contacts analysis is a showing that the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities here.

*Hemi*, 622 F.3d at 757. General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific jurisdiction is proper where the defendant has "purposefully availed" herself of the benefits and protections of conducting activities in the forum state, *see Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs, of Houston Metroplex, P.A*. 623 F.3d 440, 444 (7 th Cir. 2010) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n.8. (emphasis added). As recently clarified by the Supreme Court, "[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, __

U.S. __, 134 S. Ct. 1115, 1121 (2014) (emphasis added).

When deciding whether a defendant is subject to specific personal jurisdiction in Illinois, the Seventh Circuit applies the "express aiming" test, which asks "whether the defendant intentionally aimed its conduct at the forum state, rather than on the possibly incidental and constitutionally irrelevant effects of that conduct on the plaintiff." *Mobile*, 623 F.3d at 444-45, 445 n.1 (emphasis added) (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). Defendant's contact must also satisfy at least three requirements to be relevant: (1) the contacts are created by Defendants themselves; (2) the contacts are targeted at the forum state (as opposed to persons who reside there); and (3) the contacts bear on the substantive legal dispute. *See United*, 2015 U.S. Dist. LEXIS 56982 at *10 (citing *Walden*,___ U.S. ___, 134 S. Ct. at 1122-23; *Advanced Tactical*, 751 F.3d at 801-03; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009*)*; *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1277-78 (7th Cir. 1997)).

The Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Hemi*, 622 F.3d at 760) (holding that the defendant was not subject to personal jurisdiction in Illinois). Beyond simply operating an interactive website—even a "highly interactive" website— that is accessible from the forum state, a defendant must in some way *target* the forum state's market before she may be haled into court in that state without offending the Constitution. *Id*. at 558-59 (citations omitted).

1. **Moving Defendant Lacks the Minimum Necessary Contacts with Illinois to Support Specific Jurisdiction.**

Under *Walden*, *Advanced Tactical*, and *be2*, Defendant has insufficient contacts to be subject

4

to this Court's jurisdiction. Further, while the outcome in *Hemi* is distinguishable from the case at bar, its reasoning is helpful here. In *Hemi*, the Seventh Circuit held that the defendant was subject to personal jurisdiction in Illinois specifically because its website expressly stated that it would not ship to New York residents, which indicated (albeit, indirectly) its willingness to ship to Illinois residents. *See Hemi*, 622 F.3d at 758; *cf. United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27 (holding that it lacked personal jurisdiction over the defendant after distinguishing Hemi on the same grounds). Further, the defendant in *Hemi* had actually shipped the products to Illinois residents. See *Hemi*, 622 F.3d at 758; *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27. The *Hemi* court clarified that it was the defendant's reaching out to residents of Illinois through its website and shipping history, rather than the plaintiff's inducement to ship, that created the minimum contacts. 622 F.3d at 758. No such facts are present here.

      Likewise instructional is *Original Creations, Inc. v. Ready America, Inc*., where this Court distinguished *Hemi* on the basis that the web site in question did not exclude any particular state, thus removing the implication that it expressly targeted the other states. 836 F. Supp. 2d. 711 (N.D. Ill. 2011). Further, it found that an Internet web site was not sufficient alone to support personal jurisdiction where the only sale to Illinois was to the plaintiff. Ultimately, this Court found personal jurisdiction, but based on a stream-of-commerce theory because the defendant sold through distributors located in Illinois. *Id*. at 716. Other courts are in accord. *See, e.g., Sennheiser Elec. Corp. v. Evstigneeva*, supra at *7-8 (ordering the plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction where the only forum sale was to the plaintiff); *Boppy Co. v. Luvee Products Corp.*, 72 U.S.P.Q. 2d. 1577 (D. Colo. 2004) (single sale to the plaintiff's attorney was not a sufficient forum contact to support personal jurisdiction); *Edberg v. Neogen Corp*., 17 F.Supp. 2d 104 (D. Conn. 1998) ("Only those contacts

5

with the forum that were created by the defendant, rather than those manufactured by the unilateral, acts of the plaintiff, should be considered for due process purposes. To hold otherwise would allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, regardless of how inconvenient, even when the defendant has not purposefully directed any activity toward the forum state.") As the Supreme Court recently restated in *Walden,* "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, __ U.S. __, 134 S. Ct. at 1123 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Defendant did nothing to target the forum. Any contact with Illinois, if present at all, was *de minimis* and manufactured by Plaintiff. Specific jurisdiction is lacking because the Plaintiff is the only link between them and Illinois, *id*. at 1122, and only one sale would not be enough where he has not specifically targeted the forum. *Advanced Tactical*, 751 F.3d at 801-02.

Recently, this district held that "maintenance of an interactive website, unaccompanied by evidence of any sales or other activity targeting Illinois, does not establish that [defendant] has sufficient minimum contacts with Illinois to support the exercise of personal jurisdiction." *Rubik's Brand, Ltd. v. The Partnerships* No. 20-cv-05338, 2021 U.S. Dist. LEXIS 40755, 2021 WL 825668, at *4 (N.D.Ill. Mar. 4, 2021).

This district also came up with the same ruling in *MSM Design & Eng'g LLC v. The Partnerships*. In *MSM,* the Court held that even operating a commercial, fully interactive store, if Defendant has never shipped any product to Illinois, the Court lacks specific personal jurisdiction over Defendant. *MSM Design & Eng'g LLC v. The Partnerships* 2021 U.S.Dist. LEXIS 14073 at*9(N.D.Ill. July 28, 2021).

To allow the Plaintiff to hale Defendant into court without even a minimum number of contacts offends Constitutional principles. This Court should dismiss the complaint as to Defendant for lack of personal jurisdiction.

Moving Defendant is not subject to personal jurisdiction in Illinois. First, it is undisputed that Moving Defendant does not have continuous and systematic general business contacts in Illinois, so this Court should focus on the specific-jurisdiction inquiry. Second, Moving Defendant's conduct was not directly – much less "expressly aimed" – at Illinois. *See, e.g., Sennheiser Elec. Corp. v. Evstigneeva*, No. CV 11-07884 GAF (FFMx), 2012 U.S. Dist. LEXIS 79328, at *7 (C.D. Cal. June 7, 2012) ("[T]here is no evidence in this case suggesting that Defendant's eBay page, despite being interactive, targets or is in any way directed toward California."); *Imageline, Inc. v. Hendricks*, No. CV 09-01870 DSF (AGRx), 2009 U.S. Dist. LEXIS 71125, at *12 (C.D. Cal. Aug. 12, 2009) ("The Defendants' sales to California residents [via eBay] were not specifically directed contacts, but instead occurred only because the purchasers of Defendants' goods happened to reside in California. There was no 'individualized targeting' of California.")

There is no evidence that Moving Defendant ever shipped or sold a product to Illinois. At most the stores operated online that were accessible from Illinois, as well as everywhere else. Under well-established principles, Moving Defendant is not subject to personal jurisdiction in this Court.

**2. Jurisdiction Cannot Be Exercised Over Moving Defendant Consistent with Traditional Notions of Fair Play and Substantial Justice.**

Finally, even if this Court finds a bare minimum of contacts with Illinois, jurisdiction over Defendant is only proper if exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Hemi*, 622 F.3d at 759 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310,

316 (1945)). In making this determination, the Court should consider: [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies. *Id*. (alteration in original). The factors are considered under a sliding scale: the weaker the defendant's contacts with the forum state, the less likely it is that exercising jurisdiction over that defendant is appropriate. *Id*. at 759-60.

Here, the connection to Illinois is minimal. The burden on the Moving Defendant is significant, as it has no contact with Illinois or the United States but instead are citizen and residents of China. Illinois' interest in this case is likewise weak. The allegations at most address *di minimis* causing virtually no appreciable actual injury to the Plaintiffs. As a result, if there is any country with jurisdiction to adjudicate the Plaintiffs' claim, it should be China. Illinois courts cannot provide any particular efficiencies in resolving this matter either. So, even if this Court finds that the absolute bare minimum contacts might exist, it should still dismiss because the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

## CONCLUSION

Moving Defendant does not have minimum contacts with Illinois and as such is not subject to personal jurisdiction in the Court. Because this Court cannot exercise personal jurisdiction over Moving Defendant consistent with the constitution, the complaint against Moving Defendant should be dismissed.

Dated: November 5, 2021     Respectfully submitted,

/s/ Ruoting Men

Ruoting Men
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, Illinois 60601
(Tel.): 312-270-0413
(Fax): 312-801-4587
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this November 5, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Respectfully Submitted:

Date: 11/05/2021                                              /s/ Ruoting Men

Ruoting Men, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***