**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JOHN DOE NOS. 1-3, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:21-cv-5220 |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCH. "A," | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiffs submit this Memorandum in support of their Motion for Entry of Default and Default Judgment in the above-captioned action under Fed. R. Civ. P. 55 against the defendants identified on the Amended Schedule A attached hereto ("Defaulting Defendants").

Plaintiff Curv Brands, LLC, together with plaintiff Keysmart LLC, design, manufacture, sell, and distribute a line of compact key organizers with built-in smart technology (collectively, "Plaintiffs' Products"). This action has been filed by Plaintiffs to combat online counterfeiters and infringers who trade upon Plaintiffs' reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products embodying Plaintiffs' patented design (the "Counterfeit Products") using counterfeit versions of Plaintiffs' Trademark KEYSMART, and using Plaintiffs' copyright-protected marketing materials (the "Copyrighted Marketing Material"). (Dkt. 49 ¶ 3). KEYSMART products have enjoyed enormous success which has led to significant infringement of Plaintiffs' trademark rights, copyrights, and patent rights. (*Id*. ¶ 23).

1

To combat such activity, Plaintiffs filed this action on October 4, 2021. (Dkt. 1). Plaintiffs assert claims for trademark infringement and counterfeiting, false designation of origin, violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), copyright infringement, and patent infringement. (Dkt. 43 at ¶¶ 37-78). On October 25, 2021, this Court granted Plaintiffs' *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"). (Dkt. 26). On November 23, 2021, this Court granted Plaintiffs' related Motion for Entry of Preliminary Injunction. (Dkt. 52).

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiffs now move this Court for an Order entering default and default judgment and finding Defaulting Defendants liable on Counts I (federal trademark infringement and counterfeiting), II (federal false designation of origin), III (violation of the IUDTPA), IV (copyright infringement), and V (design patent infringement). Plaintiffs seek an award of statutory damages in the amount of $250,000 per Defaulting Defendant as authorized by 15 U.S.C. § 1117(c)(2) for Defaulting Defendants' willful infringement and counterfeiting of Plaintiffs' KEYSMART trademark. Plaintiffs further seek an award of statutory damages in the amount of $150,000 per infringed work pursuant to 17 U.S.C. §504(c) for Defaulting Defendants' willful infringement of Plaintiffs' copyrights. Plaintiffs also seek entry of a permanent injunction prohibiting Defaulting Defendants from selling their infringing and counterfeit products and from using Plaintiffs' Trademark, Plaintiffs' Copyrighted Marketing Material, and Plaintiffs' patented design; and requiring that all assets in Defaulting Defendants' financial accounts operated by eBay, PayPal, Amazon, DHgate, Shopify, WISH and Alipay, as well as any newly discovered assets, be transferred to Plaintiffs, up to the amount of relief awarded by the Court. Plaintiffs are also entitled to an award of punitive damages under the IUDTPA for Defaulting Defendants' intentionally deceptive misconduct. Plaintiffs do

not request entry of a separate punitive damages award but contend that Plaintiffs' entitlement to such damages further supports the statutory damages awards requested herein.

## ARGUMENT

### I.    JURISDICTION AND VENUE ARE PROPER IN THIS COURT.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., the Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target business activities toward consumers in the United States, including Illinois, and cause harm to Plaintiffs' business within this Judicial District. (*See* Dkt. 2 at ¶ 2); *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least fully interactive commercial Internet websites and online marketplace accounts, Defaulting Defendants have targeted sales from U.S. residents, including Illinois residents, by operating websites and online marketplace accounts that offer shipping to the United States, including Illinois, and on information and belief, have sold counterfeit/infringing products to residents within the United States, including Illinois. (Dkt. 49 at ¶¶ 2, 21). Thus, personal jurisdiction is proper because Defaulting Defendants are committing tortious acts in the U.S., including in Illinois specifically, are engaging in interstate commerce, and have wrongfully caused Plaintiffs substantial injury in the U.S. and in the State of Illinois specifically. (*Id*.) *See, Entertainment One UKLtd. v. The Partnerships and Unincorporated Associations*

3

*Identified on Schedule "A",* No. 19- cv-00788 (N.D. Ill. Apr. 23, 2019); *Levi Strauss & Co. v. 932HK-5Z4WQX, et al..,* No. 19- cv-00281 (N.D. Ill. Apr. 2, 2019).

## II.  PLAINTIFFS HAVE MET THE REQUIREMENTS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT.

### A.  Entry of Default is Required Here.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). On October 4, 2021, Plaintiffs filed their Complaint asserting claims for federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I) federal false designation of origin (Count II), violation of the IUDTPA (Count III), copyright infringement (Count IV), and design patent infringement (Count V). The Defaulting Defendants were properly served on or around November 18, 2021. Despite having been served with process, the Defaulting Defendants have failed to plead or otherwise defend this action.[1] Accordingly, Plaintiffs ask for entry of default against the Defaulting Defendants.

### B.  Entry of Default Judgment is Required Here.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are

---

[1] Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces.

4

liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

The deadline by which Defaulting Defendants were required to serve their responsive pleading has passed and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed.R.Civ.P. 12(a)(1)(A). Accordingly, default judgment is appropriate. Further, Plaintiffs request awards of statutory damages against each of the Defaulting Defendants for (i) counterfeiting as authorized by 15 U.S.C § 1117(c)(2) for use of counterfeits of Plaintiffs' Trademark; and (ii) copyright infringement as authorized by 17 U.S.C § 504 for use of Plaintiffs' Copyrighted Marketing Material; both such uses having been in connection with Defaulting Defendants' sales of products through the Defaulting Defendants' Internet Stores. Plaintiffs also seek entry of a permanent injunction ordering, *inter alia*: (i) that Defaulting Defendants be prohibited from selling Counterfeit/Infringing Products and from reproducing, publicly displaying, or otherwise infringing Plaintiffs' copyrights in the Copyrighted Marketing Material; (ii) that domain names used by Defaulting Defendants to sell the Counterfeit/Infringing Products be permanently transferred to Plaintiffs; and (iii) that all assets in Defaulting Defendants' financial accounts operated by eBay, PayPal, Amazon, DHgate, Shopify, WISH and Alipay and any newly identified accounts, be transferred to Plaintiffs up to the amount of the total relief awarded by the Court to Plaintiffs.

  **C. Plaintiffs Are Entitled to Judgment as a Matter of Law on their Trademark Infringement and Counterfeiting, False Designation of Origin, and IUDTPA Claims.**

The elements of a trademark infringement claim under the federal Lanham Act, a claim for false designation of origin under Section 43(a) of the Lanham Act, and a claim under the IUDTPA, 815 ILCS §§ 510/1 *et seq*. are the same. *Manley v. Boat/U.S., Inc.*, 75 F. Supp. 3d 848, 852 (N.D.

Ill. 2014). The elements required to establish each are as follows: (1) ownership of a protectable trademark; and (2) defendant's use of its mark is likely to cause confusion among consumers as to the source of the goods/services in connection with which it is used. *Id.*

Here, Plaintiffs have alleged in their Second Amended Complaint that the KEYSMART trademark is distinctive, that Defaulting Defendants had knowledge of Plaintiffs' rights in Plaintiffs' KEYSMART trademark, that Defaulting Defendants are not authorized to use the KEYSMART trademark, and that Defaulting Defendants' use of the KEYSMART trademark is likely to cause consumer confusion. (Dkt. 49 at ¶¶ 15, 33-36, 40). Upon entry of default, these allegations set forth in Plaintiffs' Second Amended Complaint must be accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiffs request entry of judgment against Defaulting Defendants with respect to Counts I, II, and III of Plaintiffs' Second Amended Complaint.

### D. Plaintiffs Are Entitled to Judgment as a Matter of Law on their Copyright Infringement Claim.

Copyright infringement requires proof of "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Janky v. Lake Cnty. Convention & Visitors Bureau,* 576 F.3d 356, 361 (7th Cir. 2009) (internal citation omitted). "Because direct evidence of copying often is unavailable, copying may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *Atari, Inc. v. N. Am. Philips Consumer Elec. Corp.,* 672 F.2d 607, 614, *superseded on other grounds* 722 F.3d 1089 (7th Cir. 1982). In determining whether works are substantially similar, the Court must consider "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated

6

the plaintiff's protectable expression by taking material of substance and value." *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 509 (7th Cir. 1994); *see also Incredible Techs., Inc. v. Virtual Techs., Inc.,* 400 F.3d 1007, 1011 (7th Cir. 2007) ("[W]hether the copying, if proven, went so far as to constitute an improper appropriation ... leads us to the 'ordinary observer' test." (internal quotation omitted)).

Here, Plaintiffs have alleged that they own valid copyrights in the Copyrighted Marketing Material. (Dkt. 49 at ¶¶ 40-41.) Plaintiffs have alleged that Defaulting Defendants have copied Plaintiffs' Copyrighted Marketing Material without authorization. (*Id.* at ¶ 58). Upon entry of default, the above-referenced allegations must be accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch,* 582 F. Supp. 2d at 1004. Accordingly, Plaintiffs request entry of judgment against Defaulting Defendants with respect to Count IV of Plaintiffs' Second Amended Complaint.

### E. Plaintiffs Are Entitled to Judgment as a Matter of Law on their Patent Infringement Claim.

"A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent." *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.,* 997 F.2d 1444, 1450 (Fed. Cir. 1993). Design patent infringement analysis is governed by the "ordinary observer" test, which has been articulated as follows: "[If] in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive an ordinary observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Amini Innovation Corp. v. Anthony California, Inc.*, 211 F. App'x 988, 2007 WL 43262, at **2 (Fed. Cir. Jan. 8, 2007). Further, design patent infringement requires that the accused design misappropriate the novel

ornamental features of the patented design that distinguish it from the prior art. *Oakley, Inc. v. Int'l Tropic–Cal, Inc.,* 923 F.2d 167, 169 (Fed. Cir. 1991).

Defendants make, use, sell, offer for sale, and/or import into the United States products that infringe Plaintiffs' U.S. Patent No. D705,533 S ("the '533 patent"). (Dkt. 49 ¶ 68). In the eye of an ordinary observer, the design of Defendants' Counterfeit Products and the design claimed in the '533 patent are substantially the same; indeed, they are virtually identical. (*Id*. ¶ 69). A comparison between the design claimed in the '533 patent on the one hand, and the Counterfeit Products on the other hand, is provided below.

| **'533 Patent** | **Representative Depiction of Defendants' Counterfeit Products** |
|---|---|
|  | |

The sameness reflected above deceives prospective purchasers and induces them to purchase Defendants' products supposing them to have come from Plaintiffs. (Dkt. 49 ¶ 69). Defendants' Counterfeit Products misappropriate the novelty of the design claimed in the '533 patent that distinguished Plaintiffs' patented design from the prior art. (*Id*. ¶ 70). Defendants sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '533 patent. (*Id*. ¶ 71). Defendants' infringement of the '533 patent has been willful. (*Id*. ¶ 74).

Further, the '533 patent is presumed valid. *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998). This presumption applies at every stage of litigation. *Canon Computer Sys.*, 134 F.3d at 1088. No party has to date challenged the validity of the '533 patent.

### III.   PLAINTIFFS ARE ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF.

The awarding of statutory damages serves dual interests in that it is remedial in nature, but is also intended to protect an important public interest in protecting consumers. Given the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to both penalize counterfeiters and try to deter future violations.

#### A.   Statutory Damages for Trademark Counterfeiting and Willful Copyright Infringement are Appropriate in this Case.

For both trademark counterfeiting and copyright infringement, the awarding of statutory damages is intended to serve interests of compensation, deterrence, and punishment. *See Deckers Outdoor Corp. v. Australian Leather Pty. Ltd.*, No. 16 C 3676, 2020 WL 4723980, at *4 (N.D. Ill. July 13, 2020). Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id*. at § (c)(2).

9

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. §504(c), a plaintiff in a copyright infringement case may elect to receive statutory damages in an amount, per copyrighted work infringed, of "not less than $750 or more than $30,000 as the court deems just." 17 U.S.C. §504(c)(1). Where the infringement is determined to have been willful, the copyright owner may be entitled of a statutory damages award of up to $150,000 per copyrighted work infringed. *Id.*

### B. Defaulting Defendants Have Committed Willful Trademark Counterfeiting and Willful Copyright Infringement Here.

Plaintiffs' Second Amended Complaint alleged that Defaulting Defendants' counterfeiting of Plaintiffs' KEYSMART registered trademark and copyrights has been willful. (Dkt. 49 ¶ 41, 63). Upon entry of default, the above-referenced allegations must be accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch,* 582 F. Supp. 2d at 1004. Accordingly, Defaulting Defendants have engaged in willful counterfeiting of Plaintiffs' registered KEYSMART trademark.

"[A] finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 511 (7th Cir. 1994) (internal quotations omitted). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* 2004 LEXIS 22563, *20 (N.D. Ill. Feb. 25, 2005).

Here, Defaulting Defendants had knowledge that their activities constituted counterfeiting/infringement or at least a reckless disregard for Plaintiffs' rights in the KEYSMART trademark and copyrights, especially when viewed in light of the nature of Plaintiffs' marketing and sales activities. As alleged in Plaintiffs' Second Amended Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to

unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine KEYSMART products. (Dkt. 49 at ¶ 3). Further, this Court has deemed counterfeiting willful when defendants default. *See Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-00788 (N.D. Ill. Apr. 23, 2019); *Levi Strauss & Co. v. 932HK- 5Z4WQX, et al.*, No. 19-cv-00281 (N.D. Ill. Apr. 2, 2019).

### C. Plaintiffs Are Entitled to Significant Statutory Damages Under the Circumstances Here.

This Court has counseled as follows with respect to judicial determination of an appropriate statutory damages amount:

> The Lanham Act advises that the amount of statutory damages should be as the court considers just. Courts analogize case law applying 17 U.S.C. § 504(b), the statutory damages scheme for copyright infringement, to determine trademark infringement damages. In *Chi-Boy Music*, the Seventh Circuit held that courts enjoy wide discretion in determining statutory damages figures under § 504(b), and are not required to follow any rigid formula. Courts may consider factors such as the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement.

*Entertainment One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) (internal quotations and citations omitted).

Plaintiffs respectfully submit that the Court should enter a statutory damages award in its favor in the amount of $250,000 per Defaulting Defendant based on Defaulting Defendants' willful trademark counterfeiting and copyright infringement. Plaintiffs submit that such amount is particularly reasonable here given that Plaintiffs' anticipated default judgment on its IUDTPA claim allows for an award of punitive damages as well. *See Allied Van Lines, Inc. v. iMove, Inc.*, 1:17-cv-8021, 2018 WL 572510, at *6 (N.D. Ill. Jan. 25, 2018) (entering default judgment against infringer of plaintiff's trademark rights and awarding punitive damages in the amount of $100,000 "for Defendant's willful and/or reckless indifference to Allied's trademark rights in

11

accordance with the Illinois Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act and Illinois common law.").

### 1. Defaulting Defendants have engaged in deceptive and unethical business practices that support a high statutory damages award here.

The tactics that Defaulting Defendants have used in their efforts to unfairly capitalize on the goodwill that Plaintiffs have established in the marketplace further supports a high statutory damages award here. As indicated above, Defaulting Defendants facilitate sales by designing the product listing of the infringing products so that they appear to be selling genuine versions of Plaintiffs' KEYSMART products. (Dkt. 49 ¶ 3).

### 2. Defaulting Defendants' use of on-line means to effectuate its widespread counterfeiting makes a high statutory damages award appropriate here.

Courts have routinely held that high statutory damages awards are particularly appropriate where the counterfeiting occurred through the Internet given the wide market exposure that the Internet provides. *See Coach, Inc. v. Ocean Point Gifts*, 1:09-cv-4215, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (noting that high damages awards in counterfeiting cases involving use of the Internet are particularly appropriate given "the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 07 Civ. 3997 (PAC), 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (statutory damages award determined, in part, based on "Defendant's ability to reach a vast customer base through internet advertising"). Indeed, in cases similar to the present case involving widespread counterfeiting taking place through sales on the Internet, this Court has seen fit to enter statutory damages awards at the maximum level or other very high levels. *See, e.g., Burberry Limited, et al. v. The Partnerships, et al*, No. 1:14-cv-08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Dkt. 44, 45) (awarding $2,000,000 in statutory damages per defendant); *Oakley, Inc. v. The*

*Partnerships, et al.,* No. 1:13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Dkt. 36, 37) (awarding $2,000,000 in statutory damages per defendant); *Luxottica Group S.p.A. v. Zhou Zhi Wei*, Case No. 17-cv-5691, 2017 WL 6994587, at *4 (N.D. Ill. Sep. 12, 2017) (awarding statutory damages in the amount of $1,000,000 per defaulting defendant); *NBA Properties, Inc. v. Zhou Yan*, Case No. 17-cv-2748, 2017 WL 6994585, at *3 (N.D. Ill. May 23, 2017) (awarding statutory damages in the amount of $1,000,000 per defaulting defendant). Here too, the statutory damages award should be enhanced given that Defaulting Defendants' counterfeiting has taken place through the Internet and has had a pervasive impact on the market for Plaintiffs' KEYSMART products.

### 3. Defaulting Defendants' decision to ignore this action makes a high statutory damages award appropriate here.

An additional consideration supporting a high statutory damages award here is that Defaulting Defendants deliberately chose not to defend this action. *See Light v. Zhangyali*, No. 15 CV 5918, 2016 WL 4429758, at *4 (N.D. Ill. Aug. 22, 2016). Defaulting Defendants were made aware of the pendency of this action against them through electronic service as authorized by the Court. Defaulting Defendants, however, never ultimately filed an appearance or defended the action. Where a defendant knowingly fails to oppose an action asserted against it, this likewise supports a finding of willfulness and, therefore, increasing the statutory damages award. *Energizer Brands, LLC v. Camelion Battery Co.*, No. 16 CV 4368, 2017 WL 6813689, at *2 (N.D. Ill. Oct. 10, 2017).

### D. Plaintiffs Are Entitled to Permanent Injunctive Relief.

Plaintiffs further request entry of a permanent injunction enjoining Defaulting Defendants from infringing Plaintiffs' rights in the KEYSMART trademark and in Plaintiffs' Copyrighted Marketing Material. Plaintiffs further request that any Permanent Injunction entered

13

by the Court order that Defaulting Defendants' assets that are currently restrained are transferred to Plaintiffs up to the amount of monetary relief granted by this Court. Plaintiffs also request that any Permanent Injunction entered by the Court require transfer to Plaintiffs of all assets owned by Defaulting Defendants that may be discovered in the future, up to the amount of monetary relief that may be awarded to Plaintiffs. Such injunctive relief is necessary so that Plaintiffs can quickly take action against any new websites and online marketplace accounts that are identified and that are determined to have been linked to and/or to have sold Defaulting Defendants' counterfeit KEYSMART products. *See Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 19-cv-00788, Dkt. 30 (Default Judgment Order) at 5, § 7 (N.D. Ill. Apr. 23, 2019) (ordering that Plaintiff shall have ongoing authority to serve the Order upon financial institutions in the event that new accounts owned by the Defendants are identified, until the full damages award has been satisfied); *Levi Strauss & Co. v. 932HK-5Z4WQX, et al..,* No. 19-cv-00281, Dkt. 46 at (Final Judgment Order), at 8-9, § 6 (N.D. Ill. Apr. 2, 2019) (same).

## IV.    CONCLUSION.

Plaintiffs respectfully request that the Court enter default and default judgment against Defaulting Defendants and award statutory damages in the amount of $250,000 per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c)(2) based on Defaulting Defendants' willful trademark counterfeiting. Plaintiffs further request that they be awarded statutory damages in the amount of $150,000 per Defaulting Defendant pursuant to 17 U.S.C. § 504(c) based on Defaulting Defendants' willful copyright infringement. Plaintiffs further request entry of a permanent injunction enjoining Defaulting Defendants from selling their counterfeit/infringing products; from reproducing, publicly displaying, and otherwise using the Copyrighted

14

Marketing Material; from making, using, offering for sale, selling, and importing any product embodying the design claimed in the '533 patent; and requiring the transfer to Plaintiffs of assets in Defaulting Defendants' financial accounts, including, without limitation, Defaulting Defendants' bank accounts and Defaulting Defendants' payment accounts operated by on-line marketplaces up to the amount of any monetary relief ordered by the Court.

Date: January 26, 2022                     Respectfully submitted,

/s/ Daliah Saper
Daliah Saper (Bar No. 6283932)
**Saper Law Offices, LLC**
505 N. LaSalle, Suite 350
Chicago, IL 60654
T: (312) 527-4100
ds@saperlaw.com

*Attorneys for Plaintiffs*

15

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, I caused the foregoing to be electronically filed with the Court using the CM/ECF system and that I will serve Defendants with this submission through email and electronic publication.

/s/ Daliah Saper
Daliah Saper, Esq.